**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                            Cr. No. H-07-0399

**RAYMOND MAYES**

**MOTION FOR IDENTIFICATION OF AND EQUAL ACCESS TO
GOVERNMENT INFORMANT-WITNESS FOR INTERVIEW**

The defendant, RAYMOND MAYES, through his attorney, the Federal Public Defender, moves this Honorable Court to order the government to identify and to provide defense counsel with access to all government informant-witnesses for interview purposes as follows:

**I.**

Mr. Mayes is charged by indictment with firearm and drug trafficking offenses relating to crack cocaine, in violation of 21 U.S.C. § 841, and 18 U.S.C. §§ 922(g) and 924(c). The offenses are alleged to have taken place on July 12, 2007, in a house located at 3314 Drew Street, Houston, Texas, in the Third Ward neighborhood.

**II.**

On July 12, 2007, Houston Police Department (HPD) officers executed a search warrant at the Drew Street residence. The police obtained the search warrant by relying on information presented to HPD officers by a confidential informant.

According to the affidavit submitted to obtain the search warrant and sworn to by HPD Officer Christopher Cayton,

> Within the last 48 hours . . . .
>
> . . . .
>
> The confidential informant knocked on the front door and was met by an unknown black male, who opened the door. The unknown black male invited the confidential informant into the residence. Once inside the unknown black male asked the confidential informant what he/she wanted. The confidential informant told the black male that he/she wanted a quantity of crack cocaine. The confidential informant gave the unknown male the U.S. currency. The unknown male took a quantity of white rocks from a plastic bag that contained 20-30 more white rocks and gave them to the confidential informant. The unknown male told the confidential informant to come back at anytime for more crack cocaine.
>
> The confidential informant then left the residence and returned directly to me. The confidential informant gave me the substance sold to the confidential informant by the listed unknown black male.

Affidavit for Search Warrant at 2 (dated July 12, 2007) (Sworn to by Officer Cayton and signed by Harris County Magistrate and Criminal Law Hearing Officer Eric Hagstette).

The affidavit for the search warrant further describes the individual suspected of trafficking in crack cocaine at the Drew Street residence as an "unknown black male, approximately 20 to 25 years of age, 5'10"-6'0", and weight about 225-250 pounds." Id. at 1.

Mr. Mayes, while black, is a 54-year old man, and he is not the owner of the Drew Street residence. The government, nevertheless, has alleged that Mr. Mayes was trafficking in crack cocaine at the Drew Street residence on July 12, 2007, the day the search warrant was executed. Mr. Mayes disputes this allegation.

### III.

The defense requests a pretrial opportunity to interview the informant about the informant's participation in and observation of alleged transactions at the Drew Street residence during the time period surrounding the execution of the search warrant. The informant's testimony is relevant and helpful to the defense of Mr. Mayes because it establishes that the informant has witnessed other individuals – but not Mr. Mayes – engaged in drug trafficking activity at the Drew Street residence during the relevant time period. On the day the search warrant was executed, at least seven other individuals (in addition to Mr. Mayes) were found inside or just outside the Drew Street residence.

The interviewing of potential witnesses is "especially crucial" in criminal litigation. United States v. Opager, 589 F.2d 799, 804 (5th Cir. 1979). Witnesses are the property of neither party and both parties ought to have equal access. Gregory v. United States, 369 F.2d 185, 188 (D.C. Cir. 1966). Where the identity of the informant has been disclosed, the informant privilege is no longer applicable.

Roviaro v. United States, 353 U.S. 53, 60 (1957).  Furthermore, "where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  Id.  While a witness is free to refuse a defendant's request for an interview, it is a "different matter for the government to place a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness."  United States v. Fischel, 686 F.2d 1082, 1092 (5th Cir. 1982).

## IV.

In a case such as this one, where the informant-witness's testimony is material to the defendant's guilt or innocence, pretrial access to the informant is necessary to safeguard the defendant's Sixth Amendment rights to confront the witnesses against him, to compulsory process, to the effective assistance of counsel, and his Fifth Amendment right to due process of law.  See Roviaro, 353 U.S. at 60-61; United States v. De Los Santos, 810 F.2d 1326, 1331-32 (5th Cir. 1987); United States v. Silva, 580 F.2d 144, 147 (5th Cir. 1978).  Equally important is the defense's access to any material that could be exculpatory under Brady v. Maryland, 373 U.S. 83 (1963).  Therefore, Mr. Mayes additionally seeks access to any informant-related material that tends to be exculpatory.

## V.

For these reasons, the defendant, Raymond Mayes, respectfully requests that this Honorable Court compel the government (1) to disclose the identity of the informant-witness in this case, (2) to produce the informant for a pretrial interview by defense counsel, (3) to produce any documents, items, or information related to the informant that tends to exculpate Mr. Mayes, and (4) to produce the informant at trial.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750


By  s/ Samy K. Khalil
SAMY K. KHALIL
Assistant Federal Public Defender
Southern District of Texas No. 35978
Texas State Bar No. 24038997
440 Louisiana, Suite 310
Houston, TX  77002-1634
   Telephone:  713.718.4600
   Fax:            713.718.4610

## CERTIFICATE OF CONFERENCE

I certify that on February 7, 2008, I consulted with Assistant United States Attorney Joe Porto, who stated that the government opposes this motion.

s/ Samy K. Khalil
SAMY K. KHALIL

## CERTIFICATE OF SERVICE

I certify that on February 8, 2008, a copy of the foregoing motion was served by Notification of Electronic Filing to the office of Assistant United States Attorney Joe Porte at 919 Milam, Suite 1500, Houston, Texas 77002.

s/ Samy K. Khalil
SAMY K. KHALIL
