UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-07-399 |
| RAYMOND MAYES | § § | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR IDENTIFICATION OF AND EQUAL ACCESS TO GOVERNMENT
INFORMANT-WITNESS FOR INTERVIEW

The United States of America, by and through Donald J. DeGabrielle, Jr., United States Attorney, and Assistant United States Attorney, Joe Porto, for the Southern District of Texas, files its response to the Defendants motion, as follows:

I.

*Anticipated Facts:*  In this case the governments expects to elicit testimony that on July 12, 2007, Houston Police Department Officer's Christopher Cayton and W. V. McPherson secured a Search Warrant from Magistrate Eric Hagstette and executed it at 3314 Drew Street, in Houston, Harris County, Texas and within the Southern District of Texas . Such evidence would be elicited only for the purpose of explaining how the authorities came to the Drew Street address. This limited background insight is necessary to avoid the odd appearance that authorities randomly targeted this defendant and other defendants present at the scene at the time of the execution of the search warrant. Beyond this limited purpose which would be explained by either Officer Cayton or Officer W. V. McPherson, the government will not otherwise rely on information from the informant. The government further expects the evidence to show that the Confidential Informant was not present

at the Drew street address at the time of the execution of the Search Warrant. The Confidential Informant played no part in or witnessed any inculpatory or exculpatory acts, transactions, conversations, or matters relevant, at the time of the search warrant execution, to the charges alleged against the defendant in the indictment.

*The Law:*   The grant or denial of a request to disclose the identity of an informant is reviewable on appeal only for an abuse of discretion. *United States v. Orozco*, 982 F.2d 152 (5th Cir. 1993). Historically, federal courts have recognized the importance of promoting the free flow of information to law enforcement by protecting the identity of informants. *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623 (1957). In *Roviaro*, the Supreme Court held that although the informant's privilege was vital to law enforcement, in a situation where the informant's testimony could be relevant and helpful to a determination of guilt or innocence, then and only then could the informant privilege be disturbed. The Court also stated no fixed rule relating to disclosure would suffice, and that each case must be analyzed to determine "the proper balance between the public's interest in the flow of information against the individual's right to prepare a defense." *Roviaro* at 60-61, 77 S.Ct. at 628. In *Roviaro* the informant was *an active participant* (emphasis added) in the crime of transporting drugs and was potentially a material witness on the issue whether the accused knowingly transported the drugs as charged. After a thorough analysis, the Supreme Court held the privilege must give way and the informant's identity exposed in a situation where the stakes are the guilt or innocence of a defendant.

In this case Defendant argues if the informant provided any information to the government, he is entitled to his/her identity, no matter to what degree such information contributed to his arrest or when the information was given. The informant did not witness, participate in, have discussions about, or arrange meetings with the defendant leading to the crimes forming the basis of the

indictment. By the time the Search Warrant was executed and facts began to develop as a result of the search of the Drew Street address, the informant was already 'out of the picture.' The informant, therefore, could not possibly make any relevant contributions toward Defendant's guilt or innocence. Defendant's request is subject to a well established three (3) part analysis: (1) a determination of the informant's degree of involvement in the crime; (2) the extent to which disclosure is helpful to the defense; and (3) the government's interest in non-disclosure. *United States v. Orozco*, supra; *United States v. Sanchez*, 988 F.2d 1384 (5th Cir. 1993), *cert. denied*, 510 U.S. 878, 114 S.Ct. 217 (1993). In *United States v. Orozco*, the Fifth Circuit noted the informant played a minor role, did not participate in the crime itself, and "may not have even observed the transactions" in issue. In the instant case, the informant played **_no_** role in the Defendant's involvement in possession with intent to distribute a controlled substance, the defendant's possession of a Firearm, and his possession of that Firearm in furtherance of a drug trafficking offense. The Informant did not participate in any of the offenses alleged in the indictment, and unquestionably did not witness, observe, or was even present when any relevant acts or conversations were committed or occurred, respectively. Rarely, if ever, is it necessary to identify an informant of this sort. *United States v. Hickman*, 151 F.3d 446 (5th Cir. 1998). In this situation, the public's interest in securing the free flow of information outweighs the individual's right to prepare a defense. *United States v. Sanchez*, supra; *United States v. Cooper*, 949 F.2d 737, 749 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 2945 (1992); *United States v. Freund*, 525 F.2d 873, 876-77 (5th Cir. 1976).

Defendant would not be prejudiced by non-disclosure, but rather, would be prejudiced if the informant was identified and testified. The informant's potential testimony could only be harmful to Defendant. Where an Informant's testimony could only be harmful to Defendant, disclosure is not required. *United States v. Vizcarra*, 889 F.2d 1435 (5th Cir. 1990). Where an informant plays a role

as that assumed in this case, and when the prosecution will not otherwise rely on his/her information in its case in chief, disclosure of the informant's identity is not required nor is the informant's identity *Brady* or *Giglio* information. *United States v. Hickman*, supra.

Further, there is no requirement that *in camera* be held on this issue. The decision to hold such a hearing is within the sound wisdom and discretion of the trial judge. *United States v. Valerio*, 48 F.3d 58, 62 (1st Cir. 1995) (a district court need not conduct an in camera hearing whenever the identity of an informant is requested; such decision is entirely within the discretion of the court); *United States v. Cooper*, 949 F.2d at 750 (5th Cir. 1991) (Fifth Circuit does not require district court to hold in camera interview whenever defendant requests disclosure of informant's identity); *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986) (a decision denying request for an in camera hearing should be overturned only for abuse of discretion); and *United States v. House*, 604 F.2d 1135, 1139-40 (8th Cir. 1979) (the district court was upheld in denying disclosure and in camera hearing).

II.

The United States respectfully declines to provide the identity of a confidential informant or any information pertaining to a confidential informant in this case. The government advises the Court and defense counsel that the informant will not be a witness for the government at trial. The government will provide names of witnesses immediately prior to trial, in accordance with the Local Rules of the United States District Court for the Southern District of Texas.

III.

The United States will make available any promises, inducements or plea agreements made with any witness that the government intends on calling during the trial of this cause and the prior criminal record of any witness pursuant to Giglio v. United States, 405 U.S. 150 (1972).

The United States will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny. The United States acknowledges that <u>Brady</u> material covers exculpatory evidence as well as impeachment evidence as contemplated by <u>United States v. Bagley</u>, 473 U.S. 667 (1985).

IV.

The United States is cognizant of its continued duty to disclose newly located discoverable evidence or material previously requested, as mandated by Rule 16(c), Federal Rules of Criminal Procedure, and will comply.

Respectfully submitted,

Donald J. DeGabrielle, Jr.,
United States Attorney


:/S/_____
Joe Porto
Assistant United States Attorney
713/567-9346

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **V.** | § § | CRIMINAL NO. H-07-399 |
| **RAYMOND MAYES** | § § | |

## O R D E R

The Defendants' MOTION FOR IDENTIFICATION OF AND EQUAL ACCESS TO GOVERNMENT INFORMANT-WITNESS FOR INTERVIEW is Denied.

SIGNED on _____.

_____
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR IDENTIFICATION OF AND EQUAL ACCESS TO GOVERNMENT INFORMANT-WITNESS FOR INTERVIEW was electronically sent to counsel for the Defendant, Samy K. Khalil, Assistant Federal Public Defender, via e-mail and ECF on Friday, February 22, 2008.

                                                                          :/S/  
                                                                          Joe Porto  
                                                                          Assistant United States Attorney